Cynthia Z. Levin, Esq. (Bar No. 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 877-206-4741
Fax: 866-633-0228
clevin@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUMMIE WASHINGTON on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| Chatham University, Experian Information Solutions, Inc, Equifax, Inc., and Transunion Corp., | 1. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT |
| Defendants. | 2. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |
| | **DEMAND FOR JURY TRIAL** |

1.     Plaintiff, Cummie Washington (hereinafter referred to as "Plaintiff"), is an adult individual citizen and legal resident of the Commonwealth of Pennsylvania, residing at 1137 New Hampshire Dr., Pittsburgh, PA 15212.

2.     Defendant Chatham University (hereinafter referred to as "Defendant Chatham"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

3. Defendant Equifax, Inc. (hereinafter referred to as "Defendant Equifax"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

4. Defendant Transunion Corp. (hereinafter referred to as "Defendant Transunion"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

5. Defendant Chatham, Defendant Equifax, Defendant Transunion, and Defendant Experian will collectively be referred to here as "Defendants"

6. Plaintiff avers that Defendants acted by and through its authorized agents, servants, officers, and/or employees at all times material hereto and described herein.

7. Defendant Chatham was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as and is a collection agency as defined by 18 Pa. Stat. and Cons. Stat. Ann. § 7311.

8. Defendant Equifax, Defendant Transunion, and Defendant Experian are credit reporting agencies as the term is defined by the Fair Credit Reporting Act.

## BACKGROUND

9. On or before January 2016 and at various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing

of this complaint, Defendant Chatham contacted Plaintiff in an attempt to collect an alleged outstanding debt.

10. On average, Plaintiff received from Defendant Chatham, multiple calls and letters in connection with an attempt to collect an alleged debt.

11. Defendant Chatham's letters demanded Plaintiff pay a late fee that Plaintifff is informed, believes and based thereon alleges that he did not owe.

12. Due to the above actions, Plaintiff retained counsel.

13. Defendant's conduct violated the Pennsylvania debt collection laws in multiple ways, including but not limited to:

    a. Collecting an amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly provided in the agreement creating the debt or is permitted by law (18 Pa. Stat. and Cons. Stat. Ann. § 7311).

14. As a result of the above violations of the Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant Chatham is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

15. In addition, Defendant Chatham reported this false information to Defendant Equifax, Defendant Transunion, and Defendant Experian knowing that

this information is false. Plaintiff disputed this credit report with Defendant Equifax, Defendant Transunion, and Defendant Experian, in writing.

16. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

17. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

18. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

22. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

23. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

24. Further, Defendants failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

25. As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF THE PENNSYLVANIA FAIR DEBT COLLECTION PRACTICES ACT
### Plaintiff against Defendant Chatham

26. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

27. Insofar as Chatham's conduct herein described violates theP, such violations were done purposefully, knowingly, or with extreme reckless disregard for the law and human decency reasonably expected by any consumer of a debt collector.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    i.    Declaratory judgment that Defendant's conduct violated the PDCPA;

    ii.    Actual damages;

    iii.    Statutory damages;

    iv.    Costs and reasonable attorney's fees; and

    v.    For such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### Plaintiff against all Defendants

28. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

29. Insofar as Defendants' conduct herein described violates the FCRA, such violations were done purposefully, knowingly, or with extreme reckless disregard for the law and society.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and

For such other and further relief as may be just and proper.

<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>

Respectfully submitted this 29th day of October, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>s/Cynthia Z. Levin</u>
**Cynthia Z. Levin, Esq.**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**clevin@attorneysforconsumers.com**
**Attorney for Plaintiff**